■ NATCO CORPORATION, Respondent, v. NEW YORK CITY HOUSING AUTHORITY, Appellant.— Appeal from order entered on October 21, 1963, denying defendant Housing Authority's motion to dismiss the complaint seeking judgment declaring illegal and discriminatory defendant's specifications for facing brick to be used in the construction of housing projects, unanimously dismissed as moot, without costs. Defendant has always contended that the specifications complained of did not in any respect improperly or illegally restrict plaintiff from bidding freely to supply the types of bricks specified. As discussed and proposed, however, during the course of the argument of this appeal, defendant has voluntarily and satisfactorily modified the allegedly offending specifications so as to remove any doubt on that score. Concur — Botein, P. J., Breitel, McNally, Stevens and Eager, JJ.

■ UNEEDA DOLL CO., INC., Respondent, v. GIBRALTAR FABRICS, INC., Appellant.— Judgment unanimously modified on the law and on the facts to the extent of striking the amount of the damage award, remanding and directing a new trial on the limited issue of damages only, and otherwise affirmed, with costs to respondent. Plaintiff, a doll manufacturer, sought to recover the sum of $10,509.15 for property damage allegedly suffered by it as a result of water seepage from defendant's premises. There is ample proof of defendant's negligence proximately causing some loss to plaintiff, but proof of the nature and extent of loss and of the measure of damages is totally inadequate (Dubiner's Bootery, v. General Outdoor Adv. Co., 10 A D 2d 923) and the award, in amount, is against the weight of the credible evidence. Concur — Botein, P. J., McNally, Stevens, Eager and Bastow, JJ.